■ GENERAL ELECTRIC COMPANY (HOTPOINT DIVISION), Appellant, v. ALLBRAND APPLIANCE & TELEVISION CO., INC., Respondent, and UNITED BUYING SERVICE CORP., Defendant.— Order, Supreme Court, New York County, entered

on November 17, 1972, denying plaintiff's motion for an order adjudging defendant-respondent in contempt, reversed, on the law, the facts and in the exercise of discretion, the motion granted and respondent fined the total sum of $250. Appellant shall recover of respondent $40 costs and disbursements of this appeal. It is undisputed that respondent, on two separate occasions subsequent to the entry on consent of a contempt judgment enjoining such activities, sold plaintiff's products at prices below the established fair trade minimum resale prices. Aside from technical arguments pertaining to jurisdiction, which lack merit, respondent takes the position that the sales in question were " close-out" sales and, as such, were exempt from the provisions of the New York Fair Trade Law and agreements entered into pursuant thereto (see: General Business Law, § 369-a, subd. 2, par. [a]). Respondent, however, failed to factually establish that the sales in question were made in the course of an actual " close-out" sale, as contemplated by the statute. More important, even if the sales were made in the course of a legitimate close-out sale, this would not constitute a defense to this contempt proceeding based upon violations of the permanent injunction consented to. Respondent should have sought permission from the court or modification of said judgment before attempting to close out plaintiff's products (*Sunbeam Corp.* v. *Golden Rule Appliance Co.*, 252 F. 2d 467, 469). Respondent could not, on its own, violate the injunctive provisions, and, only thereafter, seek to justify its acts. In view of plaintiff's failure to demonstrate what, if any, damage it sustained, we deem the fine above indicated to be sufficient. Concur — Kupferman, Murphy, Lane and Capozzoli, JJ.; Nunez, J.P., dissents and would affirm.